UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DONTE CURRY,

        Plaintiff,

  v.                                   CAUSE NO. 1:21-CV-77-DRL-SLC

MICHAEL A. STUMP *et al.*,

        Defendants.

OPINION AND ORDER

Donte Curry, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court bears in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

According to the complaint, an incident occurred on September 18, 2019, while Mr. Mr. Curry was a pretrial detainee at the Allen County Jail. He claims his cellmate, Douglas Caballero, falsely accused him of punching him in the face. Thereafter, Mr. Curry was told to pack his things by Officer Braden M. Burns because he was "going to segregation for fighting." Mr. Curry complied and was handcuffed for transport, but he asked to talk to Sergeant Scott Sanderson about what had occurred. An unnamed officer told him he could wait for Sergeant Sanderson in a receiving area, but after a few minutes passed without Sergeant Sanderson's arrival, Officer Burns told Mr. Curry he had to go back to his cell because the officer had to take a group of detainees to church services. Mr.

Curry complied, and Officers Michael A. Stump and Gary M. Apps arrived to escort him to segregation.

Mr. Curry repeated his request to speak to Sergeant Sanderson, but Officer Stump allegedly told him "in an aggressive way" that he could not speak to the sergeant and that it was time to go to segregation. While they were on the elevator, Mr. Curry told the officers that he did not feel they were acting according to jail protocols. Officer Stump went "into a rage" and pulled him by the arm, pressed him up against the back of the elevator so hard that he had difficulty breathing, and hit him with several "knee strikes" to his hip, thigh, and lower back. During this time, Officer Apps allegedly assisted Officer Stump by holding Mr. Curry's neck and arm. He claims that he later filed a grievance about the use of excessive force by Officers Stump and Apps, but alleges that Captain Alan D. Cook failed to conduct a proper investigation into his complaint.

As a result of Mr. Caballero's accusation that Mr. Curry punched him, Mr. Curry was subsequently charged with fighting and other disciplinary infractions. On September 26, 2019, he went before a disciplinary hearing board comprised of Officers Penny Lake, J. Adams, and J. Elliott. He claims these officers failed to investigate his claim that Mr. Caballero had made up the charge and also denied him witnesses that he requested. He was ultimately found guilty of unspecified infractions other than fighting. He was ordered to serve 45 days in segregation.

Thereafter, Mr. Curry was convicted on criminal charges and was transferred to the custody of the Indiana Department of Correction to serve his sentence. He is currently

incarcerated at Putnamville Correctional Facility. Based on these events, he sues multiple individuals at the jail, seeking monetary damages and injunctive relief.

Because Mr. Curry was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397.

Here, giving him the inferences to which he is entitled at this stage, he alleges that Officers Stump and Apps assaulted him while he was handcuffed and not physically resisting. He claims that Officer Stump yanked his arm, pressed him up against the back of the elevator causing him difficulty breathing, and kicked him several times. Officer Apps allegedly did nothing to stop the attack and instead assisted in holding Mr. Curry down. Although further factual development may show that the use of force was reasonable under the circumstances, he has alleged enough to proceed past the pleading stage on a claim for damages against these officers.

He also names Sergeant Sanderson, Captain Cook, and Officer Burns as defendants, as well as the "John Doe" officer who originally told him to wait in the

3

receiving area for Sergeant Sanderson. There is nothing in the complaint from which it can be plausibly inferred that these officers used excessive force against Mr. Curry, were present on the elevator, or had a reasonable opportunity to intervene to stop the use of force by the other officers. *See Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). They cannot be held liable for constitutional violations committed by other correctional officers.[1] *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).

Likewise, he sues Allen County Sheriff David Gladieux, but there is nothing in the complaint to suggest that the Sheriff was present at the jail during this incident or otherwise personally involved in the officers' use of excessive force. There is no general supervisory liability under section 1983, and the Sheriff cannot be held liable solely because he is the official in charge of the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). The fact that Mr. Curry wrote to the Sheriff after this incident to complain about what occurred also does not establish a basis for imposing personal liability on him. *Burks*, 555 F.3d at 596. He will be dismissed.

Mr. Curry also names as defendants the three officers who were involved in his disciplinary hearing, claiming that they violated his due process rights by denying him witnesses and refusing to investigate his allegation that Mr. Caballero lied. The Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general population. *Sandin v. Conner*, 515 U.S. 472 (1995); *see also Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011) (applying *Sandin* to

---

[1] To the extent he is trying to assert a constitutional claim against Captain Cook for mishandling his grievance, this does not state a viable claim. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016).

detainee's due process claim). Instead, an inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). However, placement in long-term segregation can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009). Mr. Curry alleges that he served a little over a month in segregation as a result of the disciplinary charge. He does not describe any unduly harsh conditions within the segregation unit. His allegations do not trigger a due process liberty interest. Mr. Curry also names Mr. Caballero as a defendant in connection with his due process claim, but Mr. Caballero is a private citizen, not a state actor who can be held liable for constitutional violations. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017). These defendants will be dismissed.

As a final matter, Mr. Curry seeks both preliminary and permanent injunctive relief in his complaint requiring Officers Stump and Apps to "cease their physical violence toward Plaintiff Curry." (ECF 2 at 10.) However, Mr. Curry is no longer incarcerated at the Allen County Jail, where these defendants are employed, and there is no indication from the complaint that he is likely to return. Therefore, his claim for

5

injunctive relief against these defendants is moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Michael A. Stump and Officer Gary M. Apps in their personal capacity for money damages for using excessive force against him on or about September 18, 2019, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES David Gladieux, Braden M. Burns, Scott Sanderson, John Doe, Penny Lake, J. Adams, J. Elliott, Alan D. Cook, and Douglas Caballero as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Michael A. Stump and Officer Gary M. Apps and to send them a copy of this order and the complaint (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Allen County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Officer Michael A. Stump and Officer Gary M. Apps to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 3, 2021                                          *s/ Damon R. Leichty*
                                                                                       Judge, United States District Court