UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONTE CURRY,

        Plaintiff,

v.

MICHAEL A. STUMP *et al.*,

        Defendants.

CAUSE NO. 1:21-CV-77-DRL

<u>OPINION AND ORDER</u>

Donte Curry, a prisoner without a lawyer, is proceeding in this case on two claims. ECF 40. First, he is proceeding "against Officer Michael A. Stump and Officer Gary M. Apps in their personal capacity for money damages for using excessive force against him on September 18, 2019, in violation of the Fourteenth Amendment[.]" *Id.* at 8. Second, he is proceeding "against Nurse Gina Adam in her personal capacity for money damages for denying him necessary medical care on September 18, 2019, in violation of the Fourteenth Amendment[.]" *Id.* Nurse Adam filed a motion for summary judgment, arguing she did not violate Mr. Curry's Fourteenth Amendment rights. ECF 104.[1] Mr. Curry filed a response, and Nurse Adam filed a reply. ECF 108, 109. The summary judgment motion is now fully briefed and ripe for ruling.

---

[1] Officer Stump and Officer Apps have not moved for summary judgment on Mr. Curry's excessive force claim.

STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court

considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

## ANALYSIS

It is undisputed Mr. Curry was brought to the Allen County Jail's medical unit on two occasions on September 18, 2019. The parties agree regarding what transpired during Mr. Curry's first visit to the medical unit. Specifically, both parties agree Mr. Curry was first brought to the medical unit after an altercation with another offender, that he refused any treatment from Nurse Adam at that time, and that Nurse Adam prepared a medical refusal form which was signed by a member of custody staff. ECF 105-2 at 1; ECF 108 at 2.[2] Because both parties agree to these facts, the court accepts them as undisputed.

It is also undisputed that, a few minutes after Mr. Curry's first visit to the medical unit, he was returned to the medical unit for a second visit after an alleged incident with correctional staff in the elevator. ECF 105-2 at 1; ECF 108 at 2. However, the parties disagree regarding what transpired during Mr. Curry's second visit to the medical unit. Nurse Adam attests that Mr. Curry again refused medical attention, and she prepared another medical refusal form which was signed by a member of custody staff. 105-2 at 1-2. Mr. Curry disputes he declined medical attention on this second occasion, and asserts he requested treatment from Nurse Adam and informed her he had just been assaulted by two officers in the elevator and was experiencing severe pain in his lower back, right

---

[2] Nurse Adam attests Mr. Curry refused to sign the medical refusal form (ECF 105-2 at 1), while Mr. Curry responds that he did not refuse to sign the form but was unable to sign because he was handcuffed (ECF 108 at 1). However, whether Mr. Curry refused to sign the medical refusal form is not material, as it is undisputed Mr. Curry refused medical attention on this occasion.

3

thigh, right waist, arms, neck, and hands. ECF 108 at 2. Mr. Curry asserts Nurse Adam ignored his request for treatment and followed a correctional officer's instruction to falsely write down that he was refusing medical attention. *Id.* at 2-3. Thus, the parties dispute whether Mr. Curry refused medical attention during his second visit to the medical unit on September 18, 2019. It only remains to be determined whether this dispute is material.

Nurse Adam argues this dispute is not material because, even assuming Mr. Curry did not refuse medical attention during his second visit to the medical unit, he cannot show a Fourteenth Amendment violation for three reasons. ECF 105 at 7-10. First, Nurse Adam argues she did not violate Mr. Curry's Fourteenth Amendment rights during his second visit to the medical unit because there is no evidence she even saw Mr. Curry face-to-face during this visit, as Mr. Curry could not recall at his deposition whether he saw Nurse Adam face-to-face on this occasion. *Id.* at 9. However, Mr. Curry asserts in his response to the summary judgment motion that he saw Nurse Adam face-to-face during his second visit to the medical unit. The fact that Mr. Curry could not recall during his deposition whether he saw Nurse Adam face-to-face is relevant only to his credibility, which is not a suitable determination for resolution at the summary judgment stage. *See Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (at the summary judgment stage, the court cannot "weigh conflicting evidence" or "make credibility determinations," as this is "the province of the jury") (citations omitted). Moreover, Nurse Adam attests it is within her personal knowledge that Mr. Curry "refused medical attention and refused a medical evaluation" during this second visit,

4

which suggests she must have seen Mr. Curry face-to-face. Thus, a reasonable jury could conclude that Nurse Adam saw Mr. Curry face-to-face during his second visit to the medical unit.

Second, Nurse Adam argues she did not violate Mr. Curry's Fourteenth Amendment rights because Mr. Curry does not allege that she refused him access to care, but rather that she followed the direction of a correctional officer to write down that he was refusing care. However, a reasonable jury could conclude that Nurse Adam's alleged conduct of ignoring Mr. Curry's request for medical care and falsely writing down that he was refusing care was objectively unreasonable.

Third, Nurse Adam argues she did not violate Mr. Curry's Fourteenth Amendment rights because Mr. Curry has not provided any evidence that he actually required treatment from Nurse Adam on September 18, 2019. But Mr. Curry asserts he informed Nurse Adam he was "experiencing severe pain" in various parts of his body. A reasonable jury could credit Mr. Curry's testimony and conclude he required medical intervention. Thus, if Mr. Curry's account is to be believed, a reasonable jury could conclude Nurse Adam violated his Fourteenth Amendment rights by ignoring his requests for medical treatment during his second visit to the medical unit.

Accordingly, construing the facts in the light most favorable to Mr. Curry, there is a disputed material fact regarding whether Mr. Curry refused medical attention during his second visit to the medical unit on September 18, 2019. For these reasons, the court DENIES Nurse Adam's motion for summary judgment (ECF 104).

SO ORDERED.

January 30, 2023                                          *s/ Damon R. Leichty*
                                                          Judge, United States District Court